# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1001V
UNPUBLISHED

|  |  |
|---|---|
| FETLEWORK YOHANNES NORVELL,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: July 8, 2022<br><br>Show cause; failure to prosecute; tetanus diphtheria acellular pertussis (Tdap) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Howard S. Gold*, Gold Law Firm, Wellesley, MA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On August 11, 2020, Fetlework Yohannes Norvell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") from a tetanus diphtheria acellular pertussis ("Tdap") vaccination she received on March 13, 2018. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

The petition was filed without any statutorily required supporting documentation. On August 12, 2020, the PAR Initial Order issued requiring Petitioner to file these outstanding documents.

On September 20, 2020, Petitioner filed medical records in support of her petition but did not file an affidavit. ECF No. 7. On September 21, 2020, Petitioner's counsel

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

filed a motion for extension of time to submit Petitioner's affidavit noting that "Petitioner has been unreachable and upon information and belief has travelled out of country to visit an ill relative." ECF No. 8.

On April 17, 2021, Petitioner's counsel filed a status report advising that "Subsequent to the filing of the petition and drafting of the affidavit, Petitioner informed the undersigned that she intended to visit her ailing brother in Ethiopia. To this date, Counsel has been unable to make contact with Petitioner. Petitioner [sic] intends to continue these attempts, including, in person at her address in Maryland, to reconnect with Petitioner to obtain her signature on the affidavit. All medical records have been filed in this case." ECF No. 11. A non-pdf order issued on April 19, 2021, setting a new deadline for Petitioner's outstanding documents.

On July 21, 2021, Petitioner's counsel filed a status report simply noting that "Despite numerous requests via text, phone, email and mailed letters, Counsel has not heard back from the Petitioner." ECF No. 12. A non-pdf order issued on July 26, 2021, setting a new deadline for Petitioner's counsel to provide an update on reestablishing contact with Petitioner.

On October 15, 2021, Petitioner's counsel filed a status report concluding that "Despite numerous requests via text, phone, email and mailed letters, Counsel has not heard back from the Petitioner. Counsel has no expectation that they will receive a response from Petitioner." ECF No. 13.

On March 31, 2022, I issued an Order to Show Cause warning that the case would be dismissed for failure to prosecute if Petitioner did not file the outstanding affidavit or otherwise respond to the order. ECF No. 14. No response to the Order to Show Cause has been filed.

## Grounds for Dismissal

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my March 31, 2022 Order to Show Cause that her failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the status reports from Petitioner's counsel, Petitioner has been out-of-touch with her counsel since soon after the filing of the petition in August 2020. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."